

# PERI & STEWART
## ATTORNEYS AT LAW, LLC

February 4, 2021

**VIA ECF**

Hon. P. Kevin Castel, USDJ
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    Rothschild Broadcast Distributions Systems, LLC v. Pexip, Inc.
              Civil Action No. 1:20-CIV-10301 (PKC)

Dear Judge Woods:

I am local counsel for Defendant, Pexip, Inc. in the above-captioned matter. I am writing

to request a pre-motion conference pursuant to Your Honor's Individual Rule 3.A for civil cases.

Pexip's response to the complaint is due on February 9, 2021. A conference is scheduled in this

matter on April 9, 2021 at 2:00 p.m. Pexip requests a pre-motion conference to respond to the

complaint by filing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The motion to dismiss will

seek dismissal of plaintiff Rothschild LLC's sole count of patent infringement in this matter.

Counsel for Pexip attempted to reach counsel for Rothschild by telephone and email to obtain

Rothschild's position with respect to the proposed motion. As of the time that this letter is filed,

counsel for Rothschild has not responded.

For two independent reasons, Rothschild's Complaint fails to state a claim on which relief

can be granted.

First, the Complaint relies on the activities of third parties, not Pexip, to support

NJ OFFICES, 271 ROUTE 46 WEST, UNIT C201, FAIRFIELD, NJ 07004      TEL. 973.521.7426    FAX 973.521.7854
NY OFFICES, 450 LEXINGTON AVENUE, NEW YORK, NY 10017
FL OFFICES, 1 SE THIRD AVENUE, MIAMI, FL 33131 (IMMIGRATION PRACTICE ONLY)

Hon. P. Kevin Castel, USDJ
February 4, 2021
Page 2

Rothschild's sole claim, that Pexip infringes the '221 patent. In support of its textual infringement allegations, Rothschild pastes a series of screen captures into the Complaint and links the screen captures to the various steps of the patented method. But upon close inspection, these screen captures identify third parties, such as YouTube and Facebook, that perform the activities accused of infringement, including the storage and delivery of media content. Tellingly, the Complaint lacks any screen captures demonstrating the use of a Pexip product or otherwise suggesting that, prior to filing its lawsuit, Rothschild evaluated a Pexip product to ascertain whether Pexip's products can store and deliver media content or even respond to such requests. The lack of allegations linking Pexip to the accused activities, coupled with the identification of third parties linked to those activities, demonstrates that the Complaint is neither well-pleaded nor plausible.

Second, the '221 patent fails to comport with the subject-matter-eligibility requirement of 35 U.S.C. § 101, and thus, cannot be the basis for a patent-infringement claim. Specifically, the patent is directed to the abstract idea of authorizing the storage or delivery of requested content—the same process that takes place when library patrons ask to have a book put on hold. Because the patent fails to set forth a technological improvement or an inventive way of applying conventional technology, the patent is subject-matter ineligible.

No discovery or claim construction is required to resolve the issues presented in this motion. Because no amendment to the Complaint could cure either of the reasons why it fails to state a claim upon which relief could be granted, the Court should grant this motion.

For at least these reasons, Rothschild's complaint fails to allege sufficient, if any, factual allegations to state a plausible claim for patent infringement. Accordingly, Pexip requests a pre-motion conference to file a motion to dismiss Rothschild's complaint and its sole count for failure

Hon. P. Kevin Castel, USDJ
February 4, 2021
Page 3

to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,
**PERI & STEWART, LLC**

Michael T. Stewart

MTS/mao

cc:    Robert C. Mattson, Esq. (via email)